Charles H. Clark, Esq. Town Attorney, Root
You informed us that subsequent to the election of a fire chief by the members of a volunteer fire company for a term of one year, the bylaws of the company were amended to increase the term of the chief from one to two years. Your question is whether the amendment of the bylaws subsequent to the election, acts to extend the term of office of the incumbent chief.
Under the amended bylaws, the term of the chief is set at two years (Constitution And By-Laws Of The Rural Grove Vol. Fire Co., Inc., 1981). There is no indication of an intent that the term of the incumbent be extended, or that the amendment operate retroactively (ibid.). It is a general rule of statutory construction that an amendment will have prospective application only and will have no retroactive effect, unless its language clearly indicates that it is to receive a contrary interpretation (McKinney's Statutes, § 52). We believe that the logic of this rule applies with equal force to the fire company's amended bylaws.
We conclude that an amendment to the bylaws of a volunteer fire company changing the term of the office of fire chief from one to two years does not act to extend the term of the elected incumbent.
The Attorney General renders formal opinions only to officers and departments of the State government. This perforce is an informal and unofficial expression of views of this office.